**LAW OFFICES OF ALAN ADELMAN**
ALAN ADELMAN (STATE BAR NO. 170860)
alan@alanadelmanlaw.com
240 Stockton Street, 4th Floor
San Francisco, CA 94108
Telephone:   415.956.1376
Facsimile:    415.358.4060
Attorneys for Plaintiff
WILLIAM LUKOV

**HEWLETT-PACKARD COMPANY**
DARIN KYLE JONES (STATE BAR NO. 306188)
darin.jones@hpe.com
3000 Hanover Street, Mailstop 1050
Palo Alto, CA  94304-1112
Telephone:    650.236.7009

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

*IT IS SO ORDERED*
*Judge Edward J. Davila*
DATED: 1/27/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARTHA GARDNER, | Case No. 5:15:cv-04190-EJD |
|---|---|
| Plaintiff, | **STIPULATION FOR PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT [FRCP 15(a)(2)]** |
| v. | |
| HEWLETT-PACKARD COMPANY, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure, Rule 15(a)(2), Plaintiff MARTHA GARDNER ("Plaintiff") and Defendant HEWLETT-PACKARD COMPANY ("Defendant") hereby stipulate to Plaintiff filing the First Amended Complaint which is attached hereto as Exhibit 1.  Defendant will file a responsive pleading within 21 days from the date which the First Amended Complaint is filed.   The First Amended Complaint has been filed as a separate docket entry at Docket Item No. 20.

It is so stipulated.

1 | DATED: January 26, 2016                                  LAW OFFICES OF ALAN ADELMAN

2

3                                                                  By:     /s/   Alan Adelman
                                                                          ALAN ADELMAN
                                                                          Attorney for Plaintiff
4

5 | DATED: January 26, 2016                                  HEWLETT-PACKARD COMPANY

6

7                                                                  By:     /s/  Darin Kyle Jones
                                                                          DARIN KYLE JONES
                                                                          Attorneys for Defendant
8

```
1  ALAN ADELMAN, ESQ.  BAR NO: 170860
   LAW OFFICES OF ALAN ADELMAN
2  240 Stockton Street, 4th Floor
   Union Square
3  San Francisco, California  94108
   Telephone:  (415) 956-1376
4  Facsimile:  (415) 358-4060

5  Attorney for Plaintiff
   MARTHA GARDNER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA GARDNER,<br><br>    Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant. | CASE NUMBER: 5:15-cv-04190-EJD<br><br>FIRST AMENDED COMPLAINT;<br>DEMAND FOR JURY TRIAL |

Plaintiff MARTHA GARDNER ("Plaintiff") alleges as follows:

**JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

1. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as an action arising under the laws of the United States; and under the provisions of 29 U.S.C. §§ 626(c)(1) and 633(a), as an action alleging discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., as amended by Title II of the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(b). The jurisdiction of this Court is further invoked under the provisions of under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"), as an action alleging disability discrimination. The jurisdiction of this Court is further invoked under the provisions of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 207, et seq., as an action alleging the failure to pay earned overtime wages. This court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367(a).

2. Pursuant to Civil L.R. 3-2(e), this case should be assigned to the San Jose Division, as this case arises in Santa Clara County, California.

**PARTIES**

3. Plaintiff resides in San Mateo County, California. Prior to the termination of her employment, Plaintiff was employed by Defendant HEWLETT-PACKARD COMPANY ("Defendant") at Defendant's Palo Alto, California offices within the County of Santa Clara.

4. Plaintiff is informed and believes, and on that basis alleges, that at all times stated herein, Defendant has been a Delaware corporation headquartered in Palo Alto, California.

**ADMINISTRATIVE EXHAUSTION**

5. On August 12, 2015, Plaintiff caused to be filed by mail with the United States Equal Employment Opportunity Commission ("EEOC") a Charge alleging that Defendant discriminated against Plaintiff, terminated Plaintiff and failed to rehire Plaintiff on the basis of Plaintiff's age, disability and need for accommodation.

6. On August 12, 2015, Plaintiff caused to be dual-filed by mail with the EEOC Plaintiff's aforementioned Charges against Defendant with the California Department of Fair Employment and Housing ("DFEH").

7. On or about August 21, 2015, the EEOC issued a DFEH Notice of Right-to-Sue in association with Plaintiff's aforementioned DFEH Complaint.

8. On or about September 10, 2015, the EEOC issued an EEOC Notice of Right-to-Sue in association with Plaintiff's aforementioned EEOC Charge.

9. All administrative exhaustion requirements have been timely fulfilled as to Defendant and as to each cause of action.

**GENERAL ALLEGATIONS**

10. Plaintiff is currently sixty years of age.

11. Plaintiff began her career with Defendant on or about August 6, 1984 in the position of secretary.

12. Throughout Plaintiff's almost thirty-one year career with Defendant, Plaintiff earned several promotions and Defendant consistently rated Plaintiff as meeting or exceeding Defendant's expectations on Plaintiff's performance evaluations.

13. In or about August or September 2014, Plaintiff's immediate Manager, Meeta Sunderwala, asked Plaintiff if Plaintiff was going to take the early retirement package which Defendant was offering to employees who were of a specified advanced age plus years of service.

14. Ms. Sunderwala's inquiry as to whether Plaintiff was going to retire was completely unsolicited

15. Plaintiff had never spoken to Ms. Sunderwala regarding any ability or desire to retire or otherwise discontinue Plaintiff's employment with Defendant.

16. In fact, Plaintiff did not wish to discontinue Plaintiff's employment with Defendant.

17. Even if Plaintiff had wished to discontinue her employment with Defendant, which Plaintiff did not, Plaintiff was nowhere near able to afford for her employment to terminate from a financial standpoint.

18. Also in or about August or September 2014, another Manager who Plaintiff was tasked to support, Dawn Heep, inquired as to whether Plaintiff was going to accept Defendant's early retirement package.

19. Ms. Heep's inquiry was also completely unsolicited, as Plaintiff had never spoken to Ms. Heep regarding anything to do with retiring from Plaintiff's career with Defendant or any related topic.

20. Plaintiff responded to Ms. Heep that Plaintiff could not afford to retire.

21. On or about December 1, 2014, Plaintiff commenced a disability leave due to a disability

1 condition which Plaintiff's physician diagnosed as being Autoimmune Hepatitis.

2     22.    Plaintiff's disability caused Plaintiff to be hospitalized twice for a cumulative total of almost two weeks.

    23.    As a result of Plaintiff's disability condition, Plaintiff remained disabled and unable to work through approximately May 5, 2015.

    24.    Upon returning to work, Plaintiff needed the accommodation of working no more than four hours a day for the initial two weeks.  Following the initial two weeks, Plaintiff needed the accommodation of working no more than six hours a day for an additional week.

    25.    As of May 26, 2015, Plaintiff was able to begin working full-time with no further restrictions on Plaintiff's work duties.

    26.    On June 1, 2015, Plaintiff's immediate Manager at the time, Ms. Heep, notified Plaintiff that effective June 12, 2015 Plaintiff's employment was being terminated.

    27.    Defendant's stated reason for terminating Plaintiff was that Plaintiff's position had been eliminated in conjunction with a workforce reduction.

    28.    According to documentation provided to Plaintiff by Defendant's Human Resources personnel, Plaintiff was the only employee terminated within Plaintiff's Department due to the alleged workforce reduction.

    29.    Upon handing Plaintiff the termination documentation, Ms. Heep again inquired as to why Plaintiff had not taken the early retirement package which Defendant had previously offered, apparently forgetting that she had already discussed that topic with Plaintiff.

    30.    Plaintiff reminded Ms. Heep that Plaintiff had already discussed that with Ms. Heep.

    31.    On the same day that Defendant notified Plaintiff of her impending termination, Plaintiff applied for a vacant Executive Assistant position for which Plaintiff was highly qualified.

    32.    In fact, Plaintiff was so qualified for the position that the hiring manager for the vacant position had even asked Plaintiff to apply.

33. Plaintiff never so much as received a response to her application for this position.

34. Defendant never offered Plaintiff the opportunity to assume any of a number of vacant positions for which Plaintiff was qualified.

35. Defendant never so much as contacted Plaintiff to discuss anything regarding being rehired into another position.

36. Defendant failed and refused to rehire Plaintiff despite Plaintiff's demonstrated interest in being rehired and Plaintiff's strong background and qualifications for any number of positions within the company.

37. Defendant's alleged justification for terminating Plaintiff's employment was not the actual reason.

38. No legitimate business reason existed justifying Defendant's decision to terminate Plaintiff's employment with Defendant.

39. No legitimate business reason existed justifying Defendant's decision to not rehire Plaintiff following Defendant's termination of Plaintiff's employment with Defendant.

40. No good cause existed for Defendant's termination of Plaintiff's employment.

41. No good cause existed for Defendant's failure and refusal to rehire Plaintiff.

42. Defendant terminated Plaintiff's employment due to Plaintiff's age, which was sixty at the time of the termination.

43. Defendant terminated Plaintiff's employment due to Plaintiff's disability and need for accommodation.

44. Defendant failed and refused to rehire Plaintiff due to Plaintiff's age.

45. Defendant failed and refused to rehire Plaintiff due to Plaintiff's disability and need for accommodation.

46. Throughout the duration of Plaintiff's employment, Defendant has classified Plaintiff's position as being non-exempt and entitled to overtime.

47. Throughout the duration of Plaintiff's employment, Defendant has compensated Plaintiff on an hourly basis.

48. Throughout the four year period preceding the filing of this lawsuit, Plaintiff routinely worked more than eight hours in a day and more than forty hours in a week.

49. Throughout the four year period preceding the filing of this lawsuit, Defendant did not tender to Plaintiff overtime wages for the hours that Plaintiff worked in excess of eight in a day or forty in a week.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT)**

50. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

51. Defendant is a covered employer, and Plaintiff is a covered employee, as those terms are defined under the Age Discrimination in Employment Act, ("ADEA") 29 U.S.C. § 621, et seq., as amended by Title II of the Older Workers Benefit Protection Act of 1990 ("OWBPA"), 29 U.S.C. § 626(b).

52. Defendant intentionally engaged in unlawful employment practices and policies against Plaintiff in violation of the ADEA.

53. Defendant's conduct and practices, as in part described hereinabove, constitute age discrimination against Plaintiff with respect to the terms, conditions, and/or privileges of Plaintiff's employment in violation of 29 U.S.C. §623.

54. Defendant committed the acts alleged herein, or failed to act as reasonably required, willfully, with the wrongful intention of injuring Plaintiff, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover liquidated damages in an amount according to proof.

55. As a direct, foreseeable, and proximate result of Defendant's discriminatory conduct, as alleged in part above, Plaintiff has suffered grievous and extensive damages, entitling Plaintiff to recover the following in amounts according to proof at trial:

1     a.    lost past and future wages;

2     b.    lost past and future benefits;

3     c.    liquidated damages; and

4     d.    reasonable attorney's fees, expert witness fees, and costs incurred and to be incurred in regard to Plaintiff seeking her rights under this cause of action.

WHEREFORE Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### (AGE DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

56. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

57. Defendant intentionally engaged in unlawful employment practices and policies against Plaintiff in violation of the California Fair Employment and Housing Act, Cal. Govt. Code, § 12900, et seq.

58. Defendant's conduct and practices as in part described above, constitutes age discrimination against Plaintiff with respect to the terms, conditions, and/or privileges of Plaintiff's employment in violation of Cal. Govt. Code, § 12900, et seq.

59. Defendant committed the acts alleged herein, or failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. As a result of Defendant's discrimination, against Plaintiff in violation of California Fair Employment and Housing Act, Cal. Govt. Code, § 12900, et seq., as in part alleged above, Plaintiff has suffered grievous and extensive damages, entitling Plaintiff to recover the following in amounts according to proof at trial:

     a.    lost past and future wages;

     b.    lost past and future benefits, including, but not limited to, lost vacation, lost sick leave, lost medical benefits, lost stock options, and other like employee benefits;

c. damages for past and future emotional distress and pain and suffering;

d. punitive damages; and

e. reasonable attorney's fees, expert witness fees and other litigation costs incurred and to be incurred in regard to Plaintiff seeking her rights under this cause of action.

**THIRD CAUSE OF ACTION**
**(DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED BY THE ADA AMENDMENTS ACT 0F 2008)**

60. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

61. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

62. Defendant is a "covered entity" pursuant to 42 USC §12111(2); 29 CFR §1630.2(b).

63. Plaintiff was an "individual with a disability" pursuant to 42 U.S.C. §12102(1); 29 CFR §1630.2. More specifically, Plaintiff suffered from a physical disability that substantially limited one or more of Plaintiff's major life activities, Plaintiff had a record of having such a disability, and Plaintiff was regarded by Defendant as having such a disability.

64. At all relevant times, Plaintiff was a "qualified individual with a disability" pursuant to 42 U.S.C. §12112(a); 29 CFR §1630.2(m). More specifically, Plaintiff was an individual with a disability who, either with or without reasonable accommodation, could perform the essential functions of Plaintiff's former position with Defendant and/or another vacant position.

65. Defendant's conduct in terminating Plaintiff's employment because of Plaintiff's disability, and failing to rehire Plaintiff, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112; 29 CFR §1630.4(b).

66. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

67. As a further direct and proximate result of Defendant's discrimination against Plaintiff

because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for emotional distress, humiliation, pain and suffering and loss of enjoyment of life.

68. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

69. As a result of Defendant's discriminatory conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and expert witness fees pursuant to 42 U.S.C.§ 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(k).

WHEREFORE Plaintiff prays for judgment as set forth below

**FOURTH CAUSE OF ACTION**
**(DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

70. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

71. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

72. Defendant was at all material times Plaintiff's employer within the meaning of California Government Code section 12926(d) and, as such, was barred from discriminating against Plaintiff in employment decisions and practices on the basis of Plaintiff's disability pursuant to California Government Code §12940(a).

73. Plaintiff has been at all material times a qualified individual with a disability pursuant to California Government Code §12926, as Plaintiff was an individual with disabilities who could perform the essential functions of Plaintiff's position, or another vacant position, with or without reasonable accommodation.

74. Defendant discriminated against Plaintiff because of Plaintiff's disability by terminating

Plaintiff's employment and refusing to rehire Plaintiff because of Plaintiff's disability, Defendant's perception of Plaintiff as being a person with a disability, and because of Plaintiff's request for accommodation, all in violation of §12940(a).

75. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement opportunities, both past and future.

76. As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

77. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

78. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**

79. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

80. The wrongful termination of Plaintiff's employment and the refusal to rehire Plaintiff was in violation of the public policies of the State of California and the United States of America in that Plaintiff was discriminated against, retaliated against and, ultimately, terminated and not rehired due to Plaintiff's age, disability and need for medical leave and other accommodation, in violation of the

ADAAA, the ADEA and the FEHA.

81. As a result of the wrongful termination of Plaintiff's employment and refusal to rehire Plaintiff in violation of the ADAAA, the ADEA and the FEHA, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

82. As a proximate result of Defendant's retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, emotional distress and pain and suffering all to Plaintiff's damage in an amount according to proof at trial.

83. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

WHEREFORE Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA)

84. Plaintiff hereby incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

85. In violation of the FLSA, §§ 207, et seq., Defendant failed to compensate Plaintiff for all hours worked in excess of forty hours per week, and for all hours worked each week on the seventh day in a work week, at the required overtime rate of one and a half times Plaintiff's regular hourly rate of compensation, or at the rate of two times Plaintiff's regular hourly rate of compensation.

86. Plaintiff is entitled to all such overtime wages in amounts according to proof, plus interest thereon from the dates said wages were originally due.

87. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in the amount that Defendant has failed to compensate Plaintiff in overtime wages.

88. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to all reasonable attorneys'

fees and litigation costs incurred in litigating this action.

WHEREFORE Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE CALIFORNIA LABOR CODE AND CODE OF REGULATIONS)

89. Plaintiff hereby incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

90. In violation of California Labor Code §§ 201, et seq., California Labor Code § 1194 and 8 California Code of Regulations, §§ 11010-11150, Defendant failed to compensate Plaintiff for all hours worked in excess of eight hours per day, and forty hours per week, and for all hours worked each week on the seventh day in a work week, at the required overtime rate of either one and a half times Plaintiff's regular hourly rate of compensation, or at the rate of two times Plaintiff's regular hourly rate of compensation.

91. Plaintiff is entitled to recover overtime wages for each hour of overtime that Plaintiff worked during the three years immediately preceding the filing of this lawsuit in amounts according to proof, plus interest thereon from the dates said wages were originally due.

92. In violation of California Labor Code § 226.7(b) and 8 California Code of Regulations, § 11010, Defendant failed to provide Plaintiff with a meal break on each full day worked as required.

93. Plaintiff is entitled to recover one hour of wages at her hourly rate of pay for each business day on which Plaintiff was not provided a meal break as required during the three years immediately preceding the filing of this lawsuit in amounts according to proof, plus interest thereon from the dates said wages were originally due.

94. Pursuant to California Labor Code § 1194, Plaintiff is entitled to all reasonable attorney's fees and litigation costs incurred in litigating this cause of action.

WHEREFORE Plaintiff prays for judgment as set forth below.

## EIGHTH CAUSE OF ACTION
## (VIOLATION OF THE UNFAIR COMPETITION LAW,
## CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, ET SEQ.)

94. Plaintiff hereby incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

95. In violation of the California Labor Code §§ 201, et seq. and 8 California Code of Regulations, §§ 11010-11150, Defendant failed to compensate Plaintiff all of the base salary to which Plaintiff was entitled and failed to compensate Plaintiff for all hours worked in excess of eight hours per day, and forty hours per week, and for all hours worked each week on the seventh day in a work week, at the required overtime rates of either the rate of one and a half times the respective hourly employee's regular hourly rate of compensation, or at the rate of two times the respective employee's regular hourly rate of compensation.

96. In violation of the FLSA, 29 U.S.C. §§ 207 et seq., Defendant failed to compensate Plaintiff for all hours worked in excess of forty hours per week, and for all hours worked each week on the seventh day in a work week, at either the rate of one and a half times Plaintiff's regular hourly rate of compensation, or at the rate of two times Plaintiff's regular hourly rate of compensation.

97. Plaintiff is entitled to restitution in the amount of all unpaid wages earned in Plaintiff's employment with Defendant, plus interest thereon from the dates said wages and expenses were originally due, for the four years immediately preceding the filing of this lawsuit.

98. By virtue of Defendant's aforementioned violations of the wage and hour provisions of the California Labor Code and associated regulations and the FLSA, Defendant has violated the Unfair Competition Law ("UCL"), under §§ 17200, et seq. of the California Business and Professions Code.

99. As a direct result of Defendant's violations of the UCL, Defendant has wrongfully withheld and retained for its own use and benefit Plaintiff's wages.

100. Plaintiff is entitled to all such wrongfully withheld wages in amounts according to proof, plus interest thereon from the dates said wages and reimbursements were originally due, over the four

years immediately preceding the filing of this lawsuit.

101. Plaintiff is entitled to all reasonable attorneys' fees and litigation costs incurred in litigating this cause of action.

WHEREFORE Plaintiff requests judgment against Defendant as set forth below.

WHEREFORE, Plaintiff requests judgment in Plaintiff's favor and against Defendant for all causes of action as follows:

1. Past and future economic damages including, but not limited to, lost past and future wages and benefits and earning capacity, and for interest thereon;

2. Past and future non-economic damages including, but not limited to, past and future mental and emotional distress, pain and suffering and other past and future general damages suffered by Plaintiff

3. All overtime wages that Plaintiff earned pursuant to the California Labor Code and the California Code of Regulations, but which Defendant has not paid, over the course of the three years immediately preceding the filing of this lawsuit, and interest thereon, in an amount to be calculated during the course of formal discovery through a reconstruction of the hours which Plaintiff was permitted or suffered to work;

4. All overtime wages that Plaintiff earned pursuant to the FLSA, but which Defendant has not paid, over the course of the three years preceding the filing of this lawsuit, and interest thereon, in an amount to be calculated during the course of formal discovery through a reconstruction of the hours which Plaintiff was permitted or suffered to work;

5. Liquidated damages under the FLSA, 29 U.S.C. § 216, in the amount that Defendant has failed to compensate Plaintiff in overtime wages, in an amount to be calculated during the course of formal discovery through a reconstruction of the hours which Plaintiff was permitted or suffered to work;

6. Restitution pursuant to the UCL for all base salary wages and for all overtime wages that Plaintiff earned, but which Defendant has not paid, over the course of the four years immediately preceding the filing of this lawsuit, and interest thereon, in an amount to be calculated during the course of

formal discovery through a reconstruction of the hours which Plaintiff was permitted or suffered to work;

   7.   Premium payments under California Labor Code Section 226.7 for missed lunch breaks;

   8.   Waiting time penalties under California Labor Code Section 203 in the amount of thirty business days wages, which amounts to $8,299.20 ($34.58 per hour times eight hours a day time thirty business days);

   9.   Interest at 10% per annum on all California overtime wages wrongfully withheld from the dates due until the date(s) paid;

   10.   Punitive damages;

   11.   Reasonable attorneys' fees and expert witness fees;

   12.   Costs of suit incurred herein; and

   13.   For such other relief as this Court deems just and proper.

DATED: January 26, 2016                    LAW OFFICES OF ALAN ADELMAN

                                By:   /s/ Alan Adelman
                                      ALAN ADELMAN
                                      Attorney for Plaintiff
                                      MARTHA GARDNER

**JURY TRIAL DEMAND**

   Plaintiff requests a jury trial on all questions of fact raised by this First Amended Complaint.

Dated: January 26, 2016                    LAW OFFICES OF ALAN ADELMAN

                                By:   /s/ Alan Adelman
                                      ALAN ADELMAN
                                      Attorney for Plaintiff
                                      MARTHA GARDNER